IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL ACTION     CASE NO:

SECTION:

KIMBERLY HARVEY SINGLETON, as
Personal Representative of the Estate of
Jesse Singleton, deceased

    Plaintiff,

v.

FLORIDA BEAUTY EXPRESS, INC., a Florida
Corporation; OPTIMIZED LEASING. INC.
DISPOSALL, INC., a Florida
Corporation,

    Defendants.
_____/

## DEFENDANT OPTIMIZED LEASING. INC.'S NOTICE OF REMOVAL

The Defendant, OPTIMIZED LEASING. INC, by and through the undersigned counsel, respectfully requests removal of this matter to Federal Court, pursuant to 28 U.S.C. §1331, on the grounds that this matter must be heard in Federal Court, as this civil action meets all statutory criteria:

1. The Second Amended Cause of Action was filed on or about May 18, 2015. (See Plaintiff's Amended Complaint filed on or about May 18, 2014- Attached hereto as Exhibit "A").

2. The Plaintiff sued Defendant Optimized Leasing, Inc., under a theory of vicarious liability for its ownership of the commercial trailer that was being towed by a tractor that was involved in the subject accident. (See EXHIBIT "A").

3. 28 USC § 1331 provides that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

1

4. The Plaintiff's vicarious liability theory, contained within her lawsuit, is barred by the Federal Transportation Act, 49 USCS. § 30106.

5. 49 U.S.C. § 30106 (b) also provides:

*"Financial Responsibility laws--Nothing in this section supercedes the law of any State or political subdivision thereof—*

*(1) Imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or*

*(2) Imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability requirements of the State law."* (Emphasis added)

6. This Notice of Removal is filed within thirty (30) days after Plaintiff's service of of her Second Amended Complaint, as required under 28 U.S.C.S. §1446.

7. The Defendant has provided the Plaintiff and the Clerk for the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida with a written notice of the filing of this Notice of Removal.

8. On May 25, 2015 the undersigned contacted Plaintiff's counsel in an effort to confer orally or otherwise with counsel for the Plaintiff in a good faith effort to resolve by agreement the issues raised herein. Plaintiff's counsel did not consent to the removal. On June 2, 2015, the undersigned contacted counsel for Co-Defendant Disposall, Inc. and as of the date of this filing, counsel has not consented to this removal. The undersigned represents Co-Defendant Florida Beauty Express, Inc., and certifies that Florida Beauty Express, Inc., consents to this removal.

9. Pursuant to Fed. R. Civ. P. Rule 11, the undersigned counsel certifies that he has read this Notice of Removal and that, to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, or there exists

2

a good faith argument for extension, modification, or reversal of existing law, this Notice of Removal is not interposed for any improper cause.

WHERFORE Defendant OPTIMIZED LEASING INC. respectfully requests that this case be removed from the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida to this Honorable Court, that the case be docketed in this District Court, and this Court grant all other proper relief.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail and US Mail this 2nd day of June, 2015 to: Andre G. Crenshaw, Esq., 4770 Biscayne Blvd., Suite 1250, Miami, FL 33137. andre@crenshawlawfirm.com Elizabeth Stolinas, Esq., Fulmer LeRoy & Albee, PLLC, 910 North Ferncreek Avenue, Orlando, Florida 32803. pleadings@fulmerleroy.com; and Paul S. Jones, Esq., Luks, Santaniello, Petrillo & Jones, 150 W. Flagler Street, Suite 2750, Miami, FL 33130.

    RUDD & DIAMOND, P.A.
    4000 Hollywood Blvd.
    Presidential Circle, Suite 120-N
    Hollywood, FL 33021
    Tel. (954) 961-5059
    Fax. (954) 961-8953
    service@rudddiamond.com

    By: _____/s/_____
       Michael P. Rudd
       FL Bar No.: 782416
         and
       Peter A. Diamond
       FL Bar No.: 0180051

19.11044/PAD

# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KIMBERLY HARVEY SINGLETON, as
Personal Representative of the Estate of
Jesse Singleton, deceased

    Plaintiff,

vs.

FLORIDA BEAUTY EXPRESS INC., a Florida
Corporation; OPTIMIZED LEASING, INC., a
Florida Corporation; and DISPOSALL, INC., a
Florida Corporation,

    Defendants.
_____/

DIVISION: CIVIL

CASE NO: 14-024707 CA 01

JUDGE: VICTORIA S. SIGLER

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KIMBERLY HARVEY SINGLETON, as Personal Representative of the Estate of Jesse Singleton, deceased, sues the Defendants and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is a wrongful death action for damages in excess of Five Million Dollars ($5,000,000), exclusive of interest and costs.

2. Plaintiff KIMBERLY HARVEY SINGLETON is a resident of Miami-Dade County, Florida; is over the age of 18; and is otherwise *sui juris*.

3. Plaintiff KIMBERLY HARVEY SINGLETON has been appointed the Personal Representative of the Estate of Jesse Singleton, deceased.

4. Plaintiff KIMBERLY HARVEY SINGLETON, as Personal Representative of the Estate of Jesse Singleton, deceased, brings this action on behalf of the Estate and survivors as follows:

    a. Kimberly Harvey Singleton (wife)

    b. Jessica Singleton (minor daughter)

1

    c. Jesse Singleton, Jr. (minor son)

    d. Marquiesha Singleton (minor daughter)

    e. Demarrco Singleton (minor son)

    f. Davontae Harvey (dependent step-son)

    g. Estate of Jesse Singleton, deceased

5. Defendant FLORIDA BEAUTY EXPRESS, INC. (hereinafter FLORIDA BEAUTY EXPRESS) is a Florida corporation located in Miami-Dade County, Florida.

6. Defendant OPTIMIZED LEASING, INC. (hereinafter OPTIMIZED LEASING) is a Florida corporation located in Miami-Dade County, Florida.

7. Defendant DISPOSALL, INC. (hereinafter DISPOSALL) is a Florida corporation with its principal address in Orlando, Florida.

8. Since Defendants FLORIDA BEAUTY EXPRESS and OPTIMIZED LEASING are located in Miami-Dade County, Florida, venue is proper in the Eleventh Judicial Circuit in accordance with Sections 47.011 and 47.021, Florida Statutes.

## FACTS GIVING RISE TO CAUSES OF ACTION

9. During the early morning hours of June 17, 2014, Donald Carroll ("Mr. Carroll") operated a truck tractor ("tractor") and semitrailer combination ("tractor-trailer") northbound on the Florida turnpike near mile marker 271 in Orange County, Florida. Jesse Singleton ("Mr. Singleton") was his passenger.

10. Defendant FLORIDA BEAUTY EXPRESS owned the tractor Mr. Carroll was operating.

11. Defendant OPTIMIZED LEASING owned the semitrailer Mr. Carroll was operating.

12. According to Florida Statutes, a semitrailer is defined as a motor vehicle.

13. At all material times, Mr. Carroll had permission and authority to use the tractor he was operating at the time of the fatal crash.

14. At all material times, Mr. Carroll had permission and authority to use the semitrailer he was

2

operating at the time of the fatal crash.

15. During the early morning hours of June 17, 2014, Larry Jones ("Mr. Jones") also operated a tractor-trailer northbound on the Florida turnpike near mile marker 271 in Orange County, Florida.

16. At all material times, Mr. Jones was working within the course and scope of his employment with, or was otherwise furthering the business interests of, Defendant DISPOSALL.

17. At around 4:50 a.m., Mr. Jones pulled over and stopped his tractor-trailer in the emergency lane, due to a mechanical and/or maintenance issue he described as an up and down "shimmering" sensation coming from the semitrailer.

18. After a few minutes in the emergency lane and without resolving the mechanical and/or maintenance issue, Mr. Jones got back on the turnpike.

19. While Mr. Jones was driving on the turnpike below the lawful speed limit during pre-dawn hours, the two tractor-trailers violently collided.

20. When Mr. Jones was stopped in the emergency lane and also when he got back onto the turnpike, he knew, or reasonably should have known, that other drivers would have limited visibility, which may cause decreased depth perception and/or decreased ability to refocus.

21. As a result of the violent collision, passenger Jesse Singleton died on the scene.[1]

### NEGLIGENCE AGAINST DEFENDANT FLORIDA BEAUTY EXPRESS

22. The Plaintiff incorporates by reference paragraphs 1-21 as stated and pleaded herein.

23. Donald Carroll owed a duty to his passenger, Jesse Singleton, to use reasonable care while operating the tractor owned by Defendant FLORIDA BEAUTY EXPRESS.

24. Mr. Carroll breached this duty of reasonable care in the following ways:

   a. failing to keep a proper lookout on the roadway; and

---

[1] Mr. Donald Carroll also died as a result of the crash.

b. other negligent acts and omissions

25. Defendant FLORIDA BEAUTY EXPRESS is vicariously liable for the negligent acts and omissions of Mr. Carroll while he was operating its tractor.

26. Defendant FLORIDA BEAUTY negligently failed to properly maintain the tractor being operated by Mr. Carroll.

27. As a direct and proximate result of the negligence of FLORIDA BEAUTY EXPRESS, the Estate and survivors of Jesse Singleton have suffered, and will continue to suffer, damages, including loss earnings; loss accumulations; loss of companionship and protection; loss of parental companionship, instruction and guidance; and mental pain and suffering.

WHEREFORE, Plaintiff, KIMBERLY HARVEY SINGLETON, as Personal Representative of the Estate of Jesse Singleton, deceased, respectfully prays for judgment in excess of Five Million Dollars ($5,000,000) against Defendant FLORIDA BEAUTY EXPRESS, a jury trial, and such other relief as this Court deems just and proper.

## NEGLIGENCE AGAINST DEFENDANT OPTIMIZED LEASING

28. The Plaintiff incorporates by reference paragraphs 1-21 as stated and pleaded herein.

29. Donald Carroll owed a duty to his passenger, Jesse Singleton, to use reasonable care while operating the semitrailer owned by Defendant OPTIMIZED LEASING.

30. Mr. Carroll breached this duty of reasonable care in the following ways:

    a. failing to keep a proper lookout on the roadway; and

    b. other negligent acts and omissions

31. Defendant OPTIMIZED LEASING is vicariously liable for the negligent acts and omissions of Mr. Carroll while he was operating its semitrailer.

32. Defendant OPTIMIZED LEASING negligently failed to properly maintain the semitrailer being operated by Mr. Carroll at the time of the fatal crash.

33. As a direct and proximate result of the negligence of Defendant OPTIMIZED LEASING, the

Estate and survivors of Jesse Singleton have suffered, and will continue to suffer, damages, including loss earnings; loss accumulations; loss of companionship and protection; loss of parental companionship, instruction and guidance; and mental pain and suffering.

34. WHEREFORE, Plaintiff, KIMBERLY HARVEY SINGLETON, as Personal Representative of the Estate of Jesse Singleton, deceased, respectfully prays for judgment in excess of Five Million Dollars ($5,000,000) against Defendant OPTIMIZED LEASING, a jury trial, and such other relief as this Court deems just and proper.

## NEGLIGENCE AGAINST DEFENDANT DISPOSALL

35. The Plaintiff incorporates by reference paragraphs 1-21 as stated and pleaded herein.

36. Larry Jones owed a duty to drivers and passengers on the roadway, including Jesse Singleton, to operate his tractor-trailer with reasonable care while working for Defendant DISPOSALL.

37. Mr. Jones breached his duty of reasonable care in the following ways:

    a. failing to properly inspect his tractor-trailer after pulling over for mechanical and/or maintenance issues;

    b. failing to properly assess the suitability of his tractor-trailer to continue operating on the turnpike after having just pulled it over for mechanical and/or maintenance issues;

    c. continuing to operate his tractor-trailer on the turnpike, notwithstanding mechanical and/or maintenance issues;

    d. operating his tractor-trailer on the turnpike during pre-dawn hours at an unreasonable rate of speed, in light of conditions existing at the time prior to the crash;

    e. other negligent acts and omissions

38. Defendant DISPOSALL is vicariously liable for the negligent acts and omissions of Larry Jones while he was working within the course and scope of his employment with DISPOSALL.

39. Defendant DISPOSALL owed a duty to drivers and passengers on the roadway, including

5

Jesse Singleton, to place suitable tractor-trailers on the roadway in the operation of its business.

40. Defendant DISPOSALL breached its duty of reasonable care in the following ways:

  a. failing to properly maintain the tractor-trailer involved in the fatal crash;

  b. failing to properly inspect the tractor-trailer involved in the fatal crash prior to sending it out onto the roadways;

  c. allowing an unsuitable tractor-trailer to operate out on the roadways;

  d. failing to properly train Mr. Jones how to perform roadside inspections of the tractor-trailers it sent out onto the roadways;

  e. failing to properly train Mr. Jones how to assess the suitability of its tractor-trailers to continue operating out on the roadways; and

  f. other negligent acts and omissions

41. As a direct and proximate result of the negligence of Larry Jones and Defendant DISPOSALL, the Estate and survivors of Jesse Singleton have suffered, and will continue to suffer, damages, including loss earnings; loss accumulations; loss of companionship and protection; loss of parental companionship, instruction and guidance; and mental pain and suffering.

WHEREFORE, Plaintiff, KIMBERLY HARVEY SINGLETON, as Personal Representative of the Estate of Jesse Singleton, deceased, respectfully prays for judgment in excess of Five Million Dollars ($5,000,000) against Defendant DISPOSALL, INC., a jury trial, and such other relief as this Court deems just and proper.

Dated: May 18, 2015

André G. Crenshaw, Esq.
4770 Biscayne Blvd., Suite 1250
Miami, FL 33137
Tel: (305) 576-6200
Fax: (305) 576-6206

6

Email: andre@CrenshawLawFirm.com

By: _____
Andre G. Crenshaw, Esq.
Florida Bar No. 146439

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Amended Complaint was served via email on **Peter Diamond, Esq. and Michael Rudd** at service@RuddDiamond.com; **Bridgette M. Blitch, Esq.** at bblitch@taylorattorneys.net and jtaylor@taylorattorneys.net; **Elizabeth Stolinas, Esq. and Michael Leroy** at Pleadings@FulmerLeroy.com; EStolinas@FulmerLeroy.com and BJohnson@FulmerLeroy.com; and **Paul Jones and Edgardo Ferreyra** at (LUKSMIA-Pleadings@LS-Law.com) on May 18, 2015.

_____
Andre G. Crenshaw, Esq.
Fla. Bar No. 146439

7